[L. A. No. 14333. In Bank.—May 14, 1934.]

ANTOINE V. K. DE VALLY, Appellant, v. KENDALL DE VALLY OPERALOGUE COMPANY, LTD., et al., Respondents.

Don Marlin for Appellant.

Sparling & Teel and Courtney A. Teel for Respondents.

PRESTON, J.—Appeal by plaintiff from judgment entered upon order sustaining, without leave to amend, demurrer of defendants to the first and third causes of action stated in plaintiff's amended complaint for declaratory relief, for an accounting, for salary, damages and other and further relief.

The complaint is predicated upon, and pleads *in haec verba*, a written agreement executed September 16, 1931, by plaintiff as first party, and by defendants Henry E. Kendall and his son, Gerald H. S. Kendall, as second parties. It was thereby agreed that these parties would form a California corporation (later incorporated as Kendall de Vally Operalogue Company, Ltd., defendant herein), to which Henry E. Kendall would loan not exceeding $25,000 to finance a sample operalogue made, from condensation of an opera by plaintiff, into a sound motion picture. One share of stock was to be issued to each of the parties, who were to be the officers of the corporation. Plaintiff agreed to transfer to said corporation all his right and title to all operalogues or condensations of operas theretofore or thereafter made by him, as long as he should be a stockholder of the corporation. He further covenanted as follows:

"Party of the first part agrees to enter into a contract with said corporation for the natural life of said corpora-

tion or until its dissolution by the unanimous consent of all parties, to give his full time services to the corporation commencing October 1, 1931, at a Salary of . . . $250 per week until January 1, 1932, payable weekly, and thereafter . . . $500 per week, payable weekly.''

The amended complaint herein, by the first count, alleges that on September 17, 1931, the corporation was duly organized; that it accepted plaintiff's services until January 24, 1933, when he was discharged without just cause and requested to resign immediately as an officer and director thereof; that plaintiff relies upon the whole of said written instrument and has at all times held himself in readiness to render his services to defendants thereunder; that $25,500 became due him from the time of his discharge to the time of filing this action; that the corporation was entirely dominated by and was the business conduit and *alter ego* of defendant Henry E. Kendall, used by him as a dummy and instrumentality for the transaction of business; that Henry E. Kendall was and is the real party in interest and that he secured all the assets and property of the corporation and mingled them with his own property so that a judgment against the corporation would be worthless.

The second count of said amended pleading alleges a cause of action for damages in the sum of $444 by reason of damage by defendants to certain office furniture and other property belonging to plaintiff.

The third count alleges that an actual controversy has arisen between the parties in relation to their respective rights and duties under said agreement, pursuant to which plaintiff condensed, produced and adapted five operalogues into motion pictures, which defendants delivered to Educational Film Exchange, Inc., for distribution; that said agreement required plaintiff to serve the corporation for its natural life; that defendants breached said agreement in that the corporation was not dissolved and yet defendants discharged plaintiff and requested his resignation.

A fourth count alleges plaintiff's right to an accounting with respect to his share of the money received by defendants from release and distribution of said five operalogues.

The prayer of the complaint is for an adjudication of the rights of the parties under said agreement, for an accounting and payment of such moneys as may be found to

be due plaintiff from defendants, for $444 damages, for $25,500 unpaid salary; plus further amounts becoming due subsequent to filing of complaint and for other and further relief.

The court sustained defendants' demurrer to the first and third causes of action; judgment followed accordingly and, as above stated, plaintiff appealed.

■ Apparently the action of the court below in sustaining the demurrer was based upon two main grounds: (1) That the contract, particularly as to term and expiration date of plaintiff's employment, was too uncertain to be enforceable and (2) that the theory of *alter ego* could not be applied to the facts pleaded. Appellant, citing established rules governing the interpretation of contracts, contends that the agreement is capable of enforcement and that it should be given effect and construed in favor of validity rather than invalidity. We fail to see how this could be done. It is apparent that the agreement was preliminary and executory and did not bind the later formed corporation upon the *alter ego* or any other theory; neither did it become a contract of employment.

The above-quoted provision, relied upon by plaintiff, was but a unilateral promise on his part. This is the plain purport of the language used. The agreement provided that the parties of the second part would advance certain money and do other specified acts and plaintiff, on his part, agreed that he would enter into a contract of employment with the corporation. The second parties largely performed their covenants, but never accepted the benefit of plaintiff's promise to execute a contract of employment with the corporation. Furthermore, it is also true that the covenant is indefinite and uncertain as to term of service; in the event of plaintiff's refusal to make unanimous the consent to dissolution of the corporation his employment would be without termination or specified term. Thus it appears that the trial court properly sustained the demurrer without leave to amend.

■ Although the matter is not mentioned by counsel for either side, it appears that the court should not have given a judgment herein until the final disposition of the entire cause. The law contemplates but one final judgment in a cause. As stated in the case of *Nolan* v. *Smith,* 137 Cal.

360, 361 [70 Pac. 166], quoting from *Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 577 [33 Pac. 633]: ''There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy. (Citing authority.)'' See, also, *Doudell* v. *Shoo*, 159 Cal. 448 [114 Pac. 579], *Middleton* v. *Finney*, 214 Cal. 523 [6 Pac. (2d) 938], and *Potvin* v. *Pacific Greyhound Lines, Inc.*, 130 Cal. App. 510, 512 [20 Pac. (2d) 129].

The judgment being premature, the appeal must be dismissed and it is so ordered.

Shenk, J., Langdon, J., Waste, C. J., and Seawell, J., concurred.