[Civ. No. 1535. Fourth Appellate District.—December 6, 1935.]

LUNA KIES STEINER, as Executrix, etc., Appellant, v. BYRON DADE DAVIS, Respondent.

[Civ. No. 1604. Fourth Appellate District.—December 6, 1935.]

LUNA K. STEINER, Appellant, v. BYRON D. DAVIS, Respondent.

E. W. Miller and Lester G. King for Appellants.

Hert & Withington for Respondent.

BARNARD, P. J.—The appeals in these two actions were ordered consolidated and have been submitted upon one set of briefs. The legal principles involved in the two actions are identical and, for convenience, the facts in but one of the cases will be referred to.

In this case a second amended and supplemental complaint containing nine separate causes of action was filed on June 16, 1931. A demurrer was filed on June 22, 1931, alleging as to each of the nine causes of action that the same did not state facts sufficient to constitute a cause of action. On July 6, 1931, this demurrer was sustained as to the first three causes of action and overruled as to the other six. On July 23, 1931, an answer was filed to each cause of action from the fourth to the ninth, inclusive. On May 16, 1934, a purported demurrer to the first three causes of action was filed together with a stipulation that it be forthwith submitted. On the same day an order was entered sustaining this demurrer and giving the plaintiff fifteen days in which to amend. On June 19, 1934, the judgment which is here appealed from was entered reciting that this demurrer had been filed with a stipulation that it be submitted forthwith, that the court had sustained the same on May 16, 1934, giving the plaintiff fifteen days within which to amend, and that no amendment had been filed. It was then ordered, adjudged and decreed that the plaintiff take nothing by her cause of action and that the defendant recover his costs.

It would appear that there was no basis for the demurrer filed on May 16, 1934, since the court had previously sustained a demurrer to the first three causes of action which were alone mentioned and involved in the last demurrer. But an answer had been filed in the other six causes of action, the issues in which remained undisposed of at the

time the purported final judgment was entered. The law contemplates but one final judgment in a cause and the court erred in entering a judgment before the final disposition of the entire cause. (*De Vally* v. *Kendall De Vally O. Co., Ltd.*, 220 Cal. 742 [32 Pac. (2d) 638].) The judgment entered, purporting to dispose of the entire case, was both premature and erroneous.

For the reasons given, each of the judgments appealed from is reversed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 21, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 3, 1936.