[Civ. Nos. 12180, 12226.   First Dist., Div. Two.   July 14, 1942.]

PROVIDENT LAND CORPORATION (a Corporation), Plaintiff and Respondent, v. LOUIS BARTLETT, Appellant; GEORGE H. McKAIG et al., Cross-Defendants and Respondents.

Louis Bartlett, in pro. per., and Paul A. McCarthy for Appellant.

George R. Freeman, Elmer Laine, Leander L. James, Joseph Wahrhaftig and Gregory, Hunt & Melvin for Respondents.

STURTEVANT, J.—Provident Irrigation District, a corporation, heretofore issued and there were outstanding a large number of its bonds. The corporation became embarrassed financially. The plaintiff, another corporation, Provident Land Corporation, hereinafter called the Provident, was formed for the purpose of acquiring said bonds and protecting the rights of the holders thereof. George H. McKaig, W. G. Aldenhagen, and E. O. Kaufmann were the directors of the Provident. George H. McKaig, Fred G. Stevenot, and E. O. Kaufmann were the members of and constituted the Bondholders' Protective Committee of the Provident Irrigation District. The defendant Louis Bartlett, Esq., was employed to render legal services. He entered upon the discharge of the employment and performed valuable services which were terminated by the settlement of all matters in controversy.

The Provident commenced an action against the defendant Louis Bartlett to obtain declaratory relief. The defendant appeared and answered and at the same time filed a cross-complaint. He named as defendants the Provident, the directors thereof, and the members of the Bondholders' Protective Committee of Provident Irrigation District. The cross-complaint contained two counts. Later he filed an amendment as of course, adding certain defendants. He also amended the second count. On April 17, 1941, he filed a second amendment adding a third cause of action which is a common count for services rendered. Counsel treated all three counts as but different statements of one and the same claim. On April 7, 1941, George H. McKaig demurred to the cross-complaint and to counts one and two; on April 15, E. O. Kaufmann demurred to the cross-complaint and to counts one and two; on April 7, 1941, W. G. Aldenhagen demurred to the cross-complaint and to counts one and two. The record

does not show that a demurrer or answer was filed by the Provident. However, it does show that the Provident made a motion to strike and, as will hereinafter be noted, the motion was granted.

The record shows that on November 19, 1941, the trial court made the following *nunc pro tunc* order as of May 8, 1941: "Demurrer of cross-defendant Provident Land Corporation to the cross-complaint is overruled; demurrers of cross-defendants George H. McKaig and E. O. Kaufmann, as members of Bondholders' Protective Committee of Provident Irrigation District are overruled as to the first cause of action and sustained as to the second cause of action; demurrers of George H. McKaig, W. G. Aldenhagen and E. O. Kaufmann individually to first and second causes of action sustained; leave is granted to cross-complainant to file amended cross-complaint if so advised."

After the entry of the order just quoted the record stood as follows: The demurrer of the Provident was overruled; the demurrers of McKaig and Kaufmann, as members of the Bondholders' Committee, were overruled as to the first cause of action and sustained as to the second; the demurrers of McKaig, Aldenhagen and Kaufmann, individually, to the first and second causes of action were sustained. No issue was joined as to the third cause of action. Notice of the entry of said orders was duly given, no amendment was made, and purported judgments were separately entered in favor of Aldenhagen, Kaufmann and McKaig. From each of said judgments the cross-complainant has appealed.

On March 12, 1942, on the motion of the Provident, the trial court ordered paragraphs one to twelve, inclusive, of the second cause of action stricken out. No amendment being made, on May 29, 1942, a purported judgment was entered in favor of the Provident against the cross-complainant, on the second count. June 5, 1942, the cross-complainant appealed therefrom.

A consideration of the foregoing facts shows that all of said appeals must be dismissed for want of jurisdiction in this court to hear the same. As to the third cause of action issue has not been joined on law or fact as between the cross-complainant and any one of the cross-defendants. As to the first cause of action, since the above rulings were made, we may assume that all of the cross-defendants have now answered and that the action is now at issue on said count. After the issues of law have been disposed of and after issue

has been joined on questions of fact, the action will be in a condition to be tried and thereafter for a final judgment to be entered. That is, for a judgment to be entered which ends the suit. (*Guaranty Trust etc. Bk.* v. *City of Los Angeles,* 186 Cal. 110, 116 [199 Pac. 35].) An appeal from that judgment is the only one that the parties may legally be subjected to. (*Gunder* v. *Gunder,* 208 Cal. 559, 561 [282 Pac. 794].) All of the above-mentioned rulings may be reviewed on that appeal. (Code Civ. Proc., § 956; 2 Cal. Jur. 816.) These propositions are applicable to rulings on demurrer and motions to strike when several counts are contained in the pleadings under attack. (*Greenfield* v. *Mather,* 14 Cal. (2d) 228, 231 [93 P. (2d) 100].) When, as here, a final judgment has not been rendered, purported judgments such as were entered in the instant case are premature and void. (*De Vally* v. *Kendall De Vally O. Co., Ltd.,* 220 Cal. 742, 745 [32 P. (2d) 638].)

A controversy involving similar questions was before the court in *Mather* v. *Mather,* 5 Cal. (2d) 617 [55 P. (2d) 1174]. At page 618, Mr. Chief Justice Waste, speaking for the court, had this to say: "It is evident that the cause was attempted to be disposed of piecemeal—that a single object, although stated in several counts, was sought to be attained by the action, and that this single and unseverable object was arbitrarily attempted to be split up as the basis for two distinct judgments. It is at once apparent that no *final* judgment was entered in the action until March 14, 1935. The judgment of January 4, 1935, was not a final judgment and is not appealable under the terms of section 963 of the Code of Civil Procedure, or otherwise. Our conclusion is fully supported by the leading case of *Gunder* v. *Gunder,* 208 Cal. 559 [282 Pac. 794], and the many cases which follow it, notably *De Vally* v. *Kendall De Vally etc. Co.,* 220 Cal. 742 [32 P. (2d) 638]; *Middleton* v. *Finney,* 214 Cal. 523 [6 P. (2d) 938], and *Potvin* v. *Pacific Greyhound Lines,* 130 Cal. App. 510 [20 P. (2d) 129]."

Neither party to this record has mentioned the applicability of the above-mentioned rule to the facts of this case. That was also true in *De Vally* v. *Kendall De Vally O. Co., Ltd., supra.* But referring to such a record, Mr. Justice Preston, speaking for the court, on page 745 had this to say:

"Although the matter is not mentioned by counsel for either side, it appears that the court should not have given a judgment herein until the final disposition of the entire cause.

The law contemplates but one final judgment in a cause. As stated in the case of *Nolan* v. *Smith*, 137 Cal. 360, 361 [70 Pac. 166], quoting from *Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 577 [33 Pac. 633]: 'There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy. (Citing authority.)' See, also, *Doudell* v. *Shoo*, 159 Cal. 448 [114 Pac. 579]; *Middleton* v. *Finney*, 214 Cal. 523 [6 P. (2d) 938], and *Potvin* v. *Pacific Greyhound Lines, Inc.*, 130 Cal. App. 510, 512 [20 P. (2d) 129]."

The appeals from the judgments are dismissed.

Nourse, P. J., and Spence, J., concurred.