[Civ. No. 20653. Second Dist., Div. Three. Feb. 15, 1955.]

MARJORIE LEE KENNEDY, Appellant, v. DONALD G. KENNEDY, Respondent.

Michael J. Yelovich for Appellant.

No appearance for Respondent.

SHINN, P. J.—The appeal of Marjorie Lee Kennedy, which we have submitted on the opening brief, is from a judgment denying annulment of her marriage to Donald G. Kennedy.

The complaint was in two causes of action. The first was for annulment of the marriage upon the ground of fraud consisting of the allegedly secret intention of the defendant not to consummate the marriage and not to cohabit with plaintiff as a husband. The second cause of action was for

divorce upon the ground of extreme cruelty. Defendant having failed to appear his default was entered. At the trial plaintiff testified that she was 19 years of age, the defendant, 20; they drove to Yuma with friends, were married in the afternoon, returned to San Pedro the same evening, plaintiff to the home of her mother, defendant to the home of his parents; three days later defendant saw plaintiff and declared that he did not want to be married, would not live with plaintiff and requested her to get an annulment of the marriage. There was no consummation of the marriage. At the conclusion of plaintiff's testimony the court ruled that there was insufficient evidence of fraud and stated that a decree of annulment was denied. Plaintiff's attorney did not state that the case was submitted or that he had no further evidence, but this point is not urged here. After ruling the evidence of fraud was insufficient the court stated to plaintiff's attorney that he could proceed on the cause of action for divorce. The attorney replied that he was not prepared for that; the clerk asked: "Do you want to continue it on the divorce action, on the second cause of action?" Without any reply from counsel the court stated: "Off calendar." Judgment denying an annulment was entered and the appeal followed.

It is insisted by appellant that since her testimony was ample to have sustained a finding of fraud, was uncontradicted and not improbable, it was the duty of the court to accord it full credit and to find the facts in her favor. The defendant evidently has the same desires with respect to the relief which the court was expected to grant. He did not appear in the trial court and has filed no brief on the appeal. Unfortunately for their desires, they cannot be given the relief they hope for on the appeal.

Plaintiff's second cause of action was not dismissed or abandoned. The action is still pending. Entry of judgment on the first cause of action was premature. There can be but one final judgment in a case. A final judgment rendered while the action is still pending and undetermined is void.

The appeal, having been taken before entry of final judgment, is premature. (*de Vally* v. *Kendall de Vally O. Co., Ltd.*, 220 Cal. 742 [32 P.2d 638]; *Provident Land Corp.* v. *Bartlett,* 53 Cal.App.2d 383 [127 P.2d 928].)

The appeal is dismissed.

Wood (Parker), J., and Vallée, J., concurred.