[Civ. No. 8561. Third Dist. May 9, 1955.]

RUTH CROFOOT Appellant, v. E. J. CROFOOT, Respondent.

Pierce & Brown and Kenny & Morris for Appellant.

Devlin, Diepenbrock & Wulff for Respondent.

SCHOTTKY, J.—Plaintiff commenced an action against defendant, alleging four causes of action. The first alleged extreme cruelty; the second, adultery; the third, fraud in procuring a property settlement agreement; and the fourth, that the sum of $39,922.05 was loaned by plaintiff to defendant. Plaintiff prayed for separate maintenance, for a decree setting aside the property settlement, and for judgment for the amount of money loaned.

In his answer defendant admitted that he and plaintiff were married on September 19, 1947, but alleged that this marriage was dissolved on November 2, 1950, by a decree of divorce granted by a court in Juarez, Mexico, in a proceeding initiated therein on the same day by the plaintiff. Defendant also alleged that on the said day plaintiff telegraphed him as follows: "Congratulations. You are now a free man including your name," signing it Ruth Mayborn, her name previous to her marriage to defendant. Defendant also alleged that in reliance upon the Juarez decree and the telegram he married another woman on November 4, 1950, two days later. The allegations of cruelty and adultery were denied as were those of fraud in procurement of the property settlement agreement and the lending of money.

At the outset of the trial, by agreement of the parties, the court proceeded to consider the special defense of the bar raised by the Juarez decree. Evidence was received relative to that issue only and after the taking of such evidence had been concluded the record shows the following:

"MR. DIEPENBROCK: Then I think perhaps we should

argue the legal phases of the case as presented by the evidence now in.

"THE COURT: There is no further evidence or testimony to be taken on this single issue?

"MR. KENNY: On the issue of existing matrimonial status —that's correct.

"MR. DIEPENBROCK: It stands rested on that phase?

"MR. KENNY: That's right. Mr. Pierce is suggesting that out of an excess of caution, that we have a second defense to fall back to, a second trench; that is to the defense— that is the question of fraud in the procurement of the Mexican divorce. But that, I think, is not what we are working on now. We are now going on the naked legal question of whether a Mexican divorce obtained at a time when both parties were domiciled within the State of California can be recognized by the courts of this state for any purpose. Mr. Pierce's suggestion, that comes under—We are dealing now with one (a) and that would be——

"THE COURT: That would be one (b).

"MR. PIERCE: We don't want to stipulate away our claim of the fraudulent inducement.

"THE COURT: The court will understand, as Mr. Kenny states, this is really issue one (a), and the (b) part would be the second trench, as he calls it, if you have to be driven out of the front lines."

Thereafter, the court, without any further testimony being received relative to the two remaining causes of action which would not be determined by the ruling as to the validity of the Juarez divorce decree, and without any disposition of those two causes of action, made findings that plaintiff and defendant were husband and wife prior to November 2, 1950, and that they had separated prior to that date; that defendant is now a resident of Sacramento, California, and has been since September, 1949; that plaintiff lived in an apartment in Los Angeles, California, for a period of 13 months prior to November 2, 1950; that she had previously lived in Santa Monica, California, and before that in Texas, and that she stayed in Florida for a month or two on occasions, and before coming to California she lived in Washington, D. C., where she had an apartment which she maintained until November, 1951; that on November 2, 1950, plaintiff went from Los Angeles, California, to Mexico where she remained for about 30 minutes, following which she returned to Los Angeles, California; and that while in Mexico

plaintiff became party plaintiff in a suit for absolute divorce against defendant E. J. Crofoot. In its conclusions of law the court stated that it was unnecessary to adjudicate the validity of the Mexican divorce decree because as between plaintiff and defendant it had no lesser effect than would flow from a completely valid decree; and that plaintiff is barred from prosecuting the separate maintenance action and all other rights which flow from the marital status because the Mexican divorce decree has the same force and effect as though it were completely valid.

Judgment in the action was entered in accordance with said findings and conclusions, and plaintiff has appealed from said judgment.

In her briefs appellant argues that the Mexican divorce decree was invalid under the Uniform Divorce Recognition Law of 1949 (Civ. Code, §§ 150.1-150.4) and that the trial court erred in holding the appellant was estopped from contesting the validity of said divorce decree. Respondent in reply argues that the judgment is supported both by the evidence and the law. Because, for the reasons hereinafter set forth, we have concluded that the judgment was premature and that the appeal must be dismissed, we shall not discuss the arguments set forth in the briefs.

█ The rule has long been well settled that there can be but one final judgment in an action. As was said in *de Vally* v. *Kendall de Vally O. Co., Ltd.,* 220 Cal. 742, at page 745 [32 P.2d 638]:

"Although the matter is not mentioned by counsel for either side, it appears that the court should not have given a judgment herein until the final disposition of the entire cause. The law contemplates but one final judgment in a cause. As stated in the case of *Nolan* v. *Smith,* 137 Cal. 360, 361 [70 P. 166], quoting from *Stockton etc. Works* v. *Glens Falls Ins. Co.,* 98 Cal. 577 [33 P. 633]: 'There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy. (Citing authority.)' See also *Doudell* v. *Shoo,* 159 Cal. 448 [114 P. 579], *Middleton* v. *Finney,* 214 Cal. 523 [6 P.2d 938], and *Potvin* v. *Pacific Greyhound Lines, Inc.,* 130 Cal.App. 510, 512 [20 P.2d 129].

"The judgment being premature, the appeal must be dismissed and it is so ordered."

█ After the briefs had been filed in the instant appeal

and the cause had been argued orally before us, we ordered further oral argument on the finality and appealability of the judgment appealed from. Upon said argument counsel for both appellant and respondent appeared to be of the opinion that said judgment was an appealable judgment by reason of section 597 of the Code of Civil Procedure, which, so far as here applicable, reads as follows:

"When the answer pleads that the action is barred by the statute of limitations, or by a prior judgment, or that another action is pending upon the same cause of action, or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, upon the motion of either party, proceed to the trial of such special defense or defenses before the trial of any other issue in the case, and if the decision of the court, or the verdict of the jury upon any special defense so tried (other than the defense of another action pending) is in favor of the defendant pleading the same, judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had unless such judgment shall be reversed on appeal or otherwise set aside or vacated."

We think it is clear from the language of the section that it is only when the decision on the special defense is that the entire action is barred by a prior judgment or by estoppel that the court is empowered to render judgment for the defendant who has pleaded the special defense. █ Where, as in the instant case, the court proceeded to try the special defense, which did not constitute a bar to the third cause of action, which was one to set aside a property settlement agreement, or to the fourth cause of action, which was for money loaned, and the decision on such special defense was in favor of defendant, the proper procedure was to enter a minute order to that effect, proceed to trial on the third and fourth causes of action, make findings of fact and conclusions of law on all issues and render judgment accordingly. There would then be a final judgment disposing of the entire cause, and the decision of the trial court on the special defense and all other rulings could be reviewed on appeal from the judgment.

In the very recent case of *Kennedy* v. *Kennedy*, 130 Cal. App.2d 785 [279 P.2d 759], plaintiff's complaint contained two causes of action, one for annulment of marriage and one for divorce. The default of defendant was entered and plain-

tiff proceeded to trial on the count for annulment. At the conclusion of the testimony the court ruled that the evidence was insufficient for a decree of annulment and stated that plaintiff could proceed on the cause of action for divorce. The plaintiff did not desire to do so and judgment was entered denying an annulment, and plaintiff appealed from said judgment. The District Court of Appeal, in dismissing the appeal, stated:

"Plaintiff's second cause of action was not dismissed or abandoned. The action is still pending. Entry of judgment on the first cause of action was premature. There can be but one final judgment in a case. A final judgment rendered while the action is still pending and undetermined is void.

"The appeal, having been taken before entry of final judgment, is premature. (*de Vally* v. *Kendall de Vally O. Co., Ltd.*, 220 Cal. 742 [32 P.2d 638]; *Provident Land Corp.* v. *Bartlett*, 53 Cal.App.2d 383 [127 P.2d 928].)

"The appeal is dismissed."

Even though both appellant and respondent appear to be desirous of having this court rule upon the correctness of the trial court's ruling on the special defense, we cannot do so. ■ Parties litigant cannot confer appellate jurisdiction upon an appellate tribunal, and the rule that there can be but one final judgment in a case cannot be disregarded. Such final judgment must be one "which in effect ends the suit in the court in which it was entered and finally determines the rights of the parties in relation to the matter in controversy." (*de Vally* v. *Kendall de Vally O. Co., Ltd., supra.*) ■ Even though the ruling of the trial court as to the special defense to the first and second causes of action should be sustained, the third and fourth causes must still be disposed of before the rights of the parties to the action would be finally determined. Section 597 of the Code of Civil Procedure was not designed to, and cannot be construed to, permit an appeal such as the one in the instant case. ■ Said section merely expressed what had long been the practice of our courts that where a special defense is pleaded which, if sustained, is determinative of the entire controversy, the court may enter judgment for the defendant if upon the trial of such special defense it is decided in his favor.

In view of the foregoing we conclude that the judgment

entered was premature and that the appeal must be dismissed.

The appeal is dismissed with directions to the trial court to proceed in accordance with the views herein expressed.

Van Dyke, P. J., and Peek, J., concurred.