[Civ. No. 17541.  First Dist., Div. One.  Mar. 19, 1958.]

BEATRICE GOMBOS et al., Appellants, v. JOHN R. ASHE, Respondent.

William A. Sullivan for Appellants.

Daniel C. Miller for Respondent.

PETERS, P. J.—Appellant, Beatrice Gombos, was injured by an automobile driven by respondent John R. Ashe. She and her husband sued Ashe. In the original complaint, Mrs. Gombos, in the first cause of action, asked for compensatory damages for her injuries, and her husband, in a second cause of action, prayed for compensatory damages to his automobile, for loss of use of the car and for loss of consortium. Later a first amended complaint was filed adding a third cause of action for punitive damages, it being alleged that Ashe was drunk when he hit Mrs. Gombos. Ashe demurred to the first amended complaint. The trial court overruled the demurrer as to the first and second causes of action, but sustained it as

to the third cause of action for punitive damages. The minute order so providing was entered on June 28, 1956. On August 1, 1956, the clerk entered a judgment of dismissal as to the third cause of action. On August 20, 1956, Mr. and Mrs. Gombos filed a notice of appeal from this judgment of dismissal.

Thereafter, the case proceeded to trial upon the first and second causes of action. In that trial the defendant admitted liability. The jury awarded Mrs. Gombos $6,000, and Mr. Gombos $1,000. Judgment on these verdicts was entered November 28, 1956. Satisfaction of the ''judgment rendered and entered . . . on the First and Second Causes of Action'' was entered January 15, 1957. Neither the judgment nor the satisfaction made any reference to the third cause of action. No appeal from this judgment was taken.

In the meantime Mr. and Mrs. Gombos filed briefs in their appeal from the judgment on the third cause of action. The defendant has moved to dismiss that appeal on the ground that the judgment of dismissal was not a final judgment and not appealable. On the February, 1957, calendar of the court this motion was ''denied without prejudice to raising the point of appealability in the briefs of the cause on its merits.'' The cause has now been fully briefed on its merits and on the issue of appealability of the judgment of dismissal.

It would appear that the judgment of dismissal as to the third cause of action was not a final judgment or order within the meaning of section 963 of the Code of Civil Procedure. The cases seem to hold that, for purposes of appeal under section 963, *supra,* there cannot be piecemeal disposition of several counts in a complaint which are all addressed against the same defendants. That this rule applies to the instant case is established by the case of *Mather* v. *Mather,* 5 Cal.2d 617 [55 P.2d 1174]. In that case the complaint alleged three causes of action by the same plaintiff against the same defendants. A demurrer was interposed and sustained as to the third cause of action. A formal judgment was entered on this third cause of action. Plaintiff appealed, and defendants moved to dismiss. Subsequently the case proceeded to trial upon the first two causes of action, resulting in a judgment for defendants. The Supreme Court held that the appeal from the judgment dismissing the third cause of action was premature, and granted the motion to dismiss. At page 618 the court stated:

''It is evident that the cause was attempted to be disposed

of piecemeal—that a single object, although stated in several counts, was sought to be attained by the action, and that this single and unseverable object was arbitrarily attempted to be split up as the basis for two distinct judgments.

"It is at once apparent that no *final* judgment was entered in the action until March 14, 1935.

"The judgment of January 4, 1935, was not a final judgment and is not appealable under the terms of section 963 of the Code of Civil Procedure, or otherwise. Our conclusion is fully supported by the leading case of *Gunder* v. *Gunder*, 208 Cal. 559 [282 P. 794], and the many cases which follow it, notably *de Vally* v. *Kendall de Vally etc. Co.*, 220 Cal. 742 [32 P.2d 638], *Middleton* v. *Finney*, 214 Cal. 523 [6 P.2d 938, 78 A.L.R. 1104], and *Potvin* v. *Pacific Greyhound Lines, Inc.*, 130 Cal.App. 510 [20 P.2d 129].''

In a later opinion in the same litigation the court held that neither judgment was a final judgment, and that the cause of action on count three was still pending. In *Greenfield* v. *Mather,* 14 Cal.2d 228, 233 [93 P.2d 100], the Supreme Court stated:

"The fact that the judgment of March 14 was the second judgment to be entered did not cloak it with finality because it did not purport to embrace a final disposition of the entire cause. By express terms it was confined to only counts one and two, and erroneously failed to include a recital with respect to the disposition of count three. It did not affect count three. The appeal from the purported judgment on that count was pending; that purported judgment, being void, was in effect no judgment. Therefore, if count three in fact stated a cause of action, that cause remained pending in the trial court after the entry of the judgment on counts one and two.

"The erroneous procedure adopted in attempting to make piecemeal disposition of the prior cause was not of appellant's instigation, and he should not be penalized for it. He at no time waived his right to object to the splitting of the action. He contended throughout that he was entitled to test the sufficiency of his third cause of action before an appellate court. To permit a litigant to deprive his adversary of an opportunity for full appeal by erroneously procuring the entry of successive purported partial judgment[s], and then having appeals from all save the last of said judgments dismissed on the ground that the cause should not have been split, would be unfair.''

The rule quoted above from *Mather* v. *Mather, supra,* to the effect that there cannot be a piecemeal disposition of several counts of a complaint has frequently been announced by the courts. ■ In *Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357], the court stated:

"These arguments are all predicated upon a fundamental fallacy. They assume that there can be a piecemeal disposition of the several counts of a complaint. They assume, when there is more than one count in a complaint, and a demurrer is interposed and sustained, and a judgment of dismissal entered, that there are as many separate judgments as there are counts in the complaint. That is not the law. There cannot be a separate judgment as to one count in a complaint containing several counts. On the contrary, there can be but one judgment in an action no matter how many counts the complaint contains. [Citations.]" The court then quoted from a number of opinions and concluded the discussion on the point (at p. 702) by quoting from *Potvin* v. *Pacific Greyhound Lines, Inc.,* 130 Cal.App. 510, 512 [20 P.2d 129], as follows:

" 'Since a final judgment in an action contemplates a complete adjudication of the rights of the parties and a final determination of the matter in controversy, it is apparent that the so-called judgment rendered upon the sustaining of a demurrer to one cause of action of a complaint without leave to amend, leaving five other causes of action unimpaired presenting matters to be litigated during a trial of the issues of fact, cannot be regarded as a final determination and disposal of the cause.' "

The same result has been reached in many other cases. (See *Daniels* v. *Daniels,* 136 Cal.App.2d 224 [288 P.2d 910] ; *Kennedy* v. *Kennedy,* 130 Cal.App.2d 785 [279 P.2d 759] ; *Murphy* v. *Fong Shuck,* 151 Cal.App.2d 64 [311 P.2d 80].)

■ The contention of appellants that the rule of the above cases does not apply where the multiple causes of action are based upon different substantive rights, was specifically rejected in *Wilson* v. *Wilson,* 96 Cal.App.2d 589 [216 P.2d 104]. There the court held that a difference in subject matter between the various counts of a complaint does not prevent the rule from applying that no final judgment can be given until final disposition of all of the counts is made. At page 596 the court stated:

"There are certain exceptions to the rule that there can be but one final judgment in an action *(Nicholson* v. *Henderson,* 25 Cal.2d 375, 379 [153 P.2d 945] ; 14 Cal.Jur. 951,

Judgments, § 52), but in this jurisdiction we know of no exception which could be applicable to this case. It is true that the purported final judgment appealed from finally disposed of the second and third count and that the claims for relief stated in these counts differed and were based on a different factual basis from the one in the first count which was still pending. In some jurisdictions a separate final and appealable judgment may be entered, which finally disposes of one separate claim for relief, although more than one such claim is presented in the action. (See *Reeves* v. *Beardall,* 316 U.S. 283 [62 S.Ct. 1085, 86 L.Ed. 1478], for civil procedure under federal rules.) In no California decision, however, has such exception been recognized. In *Mather* v. *Mather, supra,* and *Provident Land Corp.* v. *Bartlett, supra* [53 Cal. App.2d 383 (127 P.2d 928)], there are statements to the effect that the several counts contained only a single unseverable object, which statements might conceivably be considered to give some recognition to the rule later declared in *Reeves* v. *Beardall, supra* (31 Cal.L.Rev., 90, 95). However in *de Vally* v. *Kendall de Vally etc. Co., supra,* the leading case on this specific subject, the difference in subject matter between the several counts is equal to that in the present case, and the sweeping expression of the rule in *Bank of America* v. *Superior Court, supra,* does not seem consistent with the acceptance of this rather extensive exception. Although *Nicholson* v. *Henderson, supra,* 25 Cal.2d at page 380, mentions the possibility that there may be other exceptions to the general rule in addition to the two discussed in that case, which are not applicable here, we find here no unusual situation in which postponement of the appeal until the final judgment as to all causes of action would cause so serious hardship or inconvenience as to require us to augment the number of existing exceptions.''

■ Where do these rules leave us in the instant case? We know that the judgment on the third cause of action was not a final judgment, and that the appeal therefrom was premature. For precisely the same reasons, we also know that the judgment on the first two causes of action was not a complete judgment because it did not, as it should have, dispose of the third cause of action. There never has been a final judgment rendered in this case. The appellants are entitled, of course, at some stage of the proceedings, to a determination by an appellate court of the validity of the third cause of

action. This could be accomplished by dismissing the present appeal with instructions to the trial court to amend the interlocutory judgment on the first two causes of action by including a disposition of the third cause of action. Appellants could then appeal from the portion of the amended judgment disposing of the third cause of action.* That would then require the parties to rebrief the question as to whether the third cause of action stated a cause of action — the very point that is fully briefed in the briefs now on file. This seems to be an unnecessarily dilatory and circuitous method of reaching a proper result. It should not be adopted unless it is the only proper method of reaching a fair result. We think there is another method of arriving at a result that is fair to both the parties to this appeal. Instead of instructing the trial court to amend its judgment on the first two causes of action by adding to it the dismissal of the third cause of action, there would seem to be no legal reason why that result should not be reached directly by this court. All of the pertinent documents are now before this court. Therefore, in the interests of justice and to prevent unnecessary delay we order that the judgment of November 28, 1956, be and it is amended by adding thereto a paragraph dismissing the third cause of action based on the sustaining of the demurrer without leave to amend.

This having been accomplished, the notice of appeal filed on August 20, 1956, may properly be treated as a notice of appeal from the judgment as thus amended. When the *Mather* v. *Mather* case, 5 Cal.2d 617 [55 P.2d 1174], was decided in 1936, and when many of the other cases were decided in which appeals were dismissed because of a premature filing of the notices of appeal, there was no relief provided for by the rules for a premature filing of a notice of appeal. That defect has been remedied by the adoption of the new Rules on Appeal in 1943, and particularly by certain amendments adopted in 1951. Rule 2(c) as amended in 1951 now provides: "A notice of appeal filed prior to entry of the judgment, but after its rendition, shall be valid and shall be deemed to have been filed immediately after entry. A notice of appeal filed prior to rendition of the judgment, but after the judge has an-

---

*The amended judgment would be severable for the purpose of appealing from a portion thereof because the right asserted in the third cause of action is based on a different substantive right than the rights asserted in the first two causes of action. For a discussion of the test of whether a judgment is severable so as to permit a partial appeal see *American Enterprise, Inc.* v. *Van Winkel,* 39 Cal.2d 210 [246 P.2d 935].

nounced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after entry of the judgment.'' The 1951 amendment consisted of adding the second sentence above quoted. The present case would seem to fall squarely within that second sentence. On June 28, 1956, the trial court sustained the demurrer to the third cause of action, and entered its judgment of dismissal as to that cause of action on August 1, 1956. Certainly the notice of appeal filed August 20, 1956, was ''after the judge has announced his intended ruling.'' Since the only appealable judgment is the one entered pursuant to the order heretofore made, this court, under the rule, has discretion ''for good cause'' to treat the notice of appeal as having been filed immediately after the entry of such judgment. (See *Larrus* v. *First Nat. Bank*, 122 Cal.App.2d 884 [266 P.2d 143].) Certainly, ''good cause'' exists to so treat the notice of appeal. The defendant secured an order sustaining a demurrer to the third cause of action, and then a ''judgment'' of dismissal was entered. Then the first two causes of action were tried, the defendant admitted liability, and then satisfied the resulting judgment as to the first two causes of action. He did this with full knowledge that plaintiff had an appeal pending as to the judgment of dismissal on the third cause of action. Defendant knew, or should have known, that neither of these judgments was a final one. In fact, the satisfaction of the judgment on the first two causes of action was entered January 15, 1957, and almost immediately defendant moved to dismiss the appeal from the judgment of dismissal. That appeal had been pending since August 20, 1956, but no steps were taken to dismiss it until after the satisfaction had been entered on the other two causes of action, when it appeared to be too late to correct the situation by including a disposition of the third cause of action on the other judgment. Fortunately a way exists to permit appellants to challenge the ruling on the demurrer. Fair play requires that they be permitted to do so.

Thus, we come to the appeal on the merits. The third cause of action presents the question as to whether a person, injured by an intoxicated driver under the circumstances here alleged, may recover punitive damages. The trial court ruled, as a matter of law, that the injured plaintiff could recover compensatory damages only.

The original complaint, as already pointed out, contained but two causes of action, one by Mrs. Gombos for compensa-

tory damages, and one by her husband for his compensatory damages. Both causes of action alleged negligence on the part of defendant. ■ In the first amended complaint the first two causes of action were repeated, and the plaintiffs added a third cause of action for punitive damages. It is therein alleged that Ashe "wilfully, wrongfully, recklessly and unlawfully [did] maintain, control and operate" his automobile "in a grossly negligent, and highly reckless manner with absolute disregard and callous indifference to the rights and safety of all persons on said highway at said time, including the plaintiffs, in that said defendant was then and there knowingly and wilfully intoxicated, having had [sic] overindulged in alcoholic refreshments, well knowing that at said time and place the excessive alcoholic refreshments consumed by him rendered him physically unfit to operate a motor vehicle upon said public highway, and that he knew the combination of alcohol and fatigue made him a menace to all persons using said highway, including the plaintiffs."

Did this sufficiently plead a cause of action for punitive damages? We think not.

Section 3294 of the Civil Code is the governing statute. It provides:

"In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Since oppression or fraud are not here alleged, the question is whether the third cause of action sufficiently alleges express or implied malice. It will be noted that, although the pleader uses such adverbs as "wilfully," "wrongfully," "recklessly" and "unlawfully," when the allegation is read as a whole it amounts to the claim that because the defendant got intoxicated knowing that he was going to drive on the public highway the actions of defendant became wrongful, wilful, reckless and unlawful. In our opinion such allegations do not charge malice, express or implied.

■ There are certain fundamental principles that must be kept in mind. Punitive damages are allowed in certain cases as a punishment of the defendant. They are not a favorite of the law and the granting of them should be done with the greatest caution. They are only allowed in the clearest of cases. ■ In order to warrant the allowance of such damages the act complained of must not only be wilful,

in the sense of intentional, but it must be accompanied by some aggravating circumstance, amounting to malice. Malice implies an act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others. There must be an intent to vex, annoy or injure. Mere spite or ill will is not sufficient. Mere negligence, even gross negligence, is not sufficient to justify such an award. (See discussion and cases commented on in 15 Am.Jur. p. 698, § 265 et seq.)

In 14 California Jurisprudence 2d, page 810, section 176, appears the following statement of the applicable principles, supported by many cases:

"An award of exemplary damages, in an action for damages for injuries inflicted by the defendant's malicious act, can be made only if the plaintiff can show that malice in fact, as distinguished from malice in law, existed with respect to the defendant's act. The distinction between malice in fact and malice in law is substantial. Malice in fact, or actual malice, denotes ill will on the part of the defendant, or his desire to do harm for the mere satisfaction of doing it. Malice in law, on the other hand, is merely a legal fiction; it is that form of malice which the law presumes, either conclusively or disputably, to exist on the production of certain designated evidence. Malice in fact cannot be presumed; . . . While the element of malice which is essential to a recovery of exemplary, or punitive damages, is sometimes called 'express malice,' 'actual malice,' 'real malice,' or 'true malice,' it is always, in the last analysis, malice of only one kind—malice of evil motive."

And on page 812, section 180, of 14 California Jurisprudence 2d appears the following:

"Since ordinary or simple negligence necessarily implies an absence of intent or purpose, it cannot form the basis of an award of exemplary damages. Even an act of gross carelessness will not, of necessity, warrant the imposition of exemplary damages."

When these principles are applied to the facts here alleged, it is quite apparent that such facts fall short of alleging malice in fact, express or implied. One who becomes intoxicated, knowing that he intends to drive his automobile on the highway, is of course negligent, and perhaps grossly negligent. It is a reckless and wrongful and illegal thing to do. But it is not a malicious act.

California has already ruled that punitive damages may not

be recovered because of the intoxication of an automobile driver. In *Strauss* v. *Buckley*, 20 Cal.App.2d 7 [65 P.2d 1352], the court reversed a verdict as excessive, and held that the verdict could not be upheld as an award of punitive damages. At page 8 the court said: "The damages recoverable in a case of this kind are to be compensatory only; punitive damages are not recoverable because of the drunkenness of the defendant. That is an offense in itself.for which punishment may be imposed in the ordinary course of law. Evidence of the drunkenness may be offered, of course, to show the negligence of the driver, but it may not be used to enhance the award of damages beyond that which will fairly compensate the plaintiff for the injuries suffered."

The reason given by the appellate court to deny punitive damages—because the wrongful act was punishable criminally —is probably not a sound reason. Although there is some authority to support such a view, it is contrary to the weight of authority (see cases collected 15 Am.Jur. p. 711, § 275), and very likely contrary to the California cases. (See cases collected 14 Cal.Jur.2d, p. 820, § 188; see also *Vaughn* v. *Jonas*, 31 Cal.2d 586 [191 P.2d 432].) But the Strauss case was decided in 1937. The rule of that case, holding intoxication not a basis for punitive damages, is referred to in many encyclopedias and articles and texts as aligning California with those states that deny recovery for punitive damages in such cases. For 21 years this rule has remained unchallenged. The Legislature has met many times since the rule was first announced and has not seen fit to change the law. This is entitled to some weight. It is particularly significant when the results that would follow from the announcement of a contrary rule are considered. If, by allegations similar to those here involved, a plaintiff can put into issue his right to punitive damages, it means that contributory negligence cannot be urged as a defense to the punitive damage charge, and, because punitive damages are based on the defendant's ability to pay, it also means that the plaintiffs can offer evidence of the financial status of the defendant. This would convert personal injury cases where intoxication or wilful misconduct are involved from the trial of a negligence case into a field day in which the financial standing of the defendant would become a major issue. For 21 years at least it has been the announced rule in this state that such could not be done. If such a radical change in policy is to be accomplished, it should be accomplished by the Legislature and not by the courts.

■ Certainly the mere characterization of the conduct challenged as wilful, reckless, wrongful and unlawful is not of itself sufficient to charge the malice in fact required to sustain a cause of action for punitive damages. This was pointed out by Mr. Justice Wood of this court in *McDonnell* v. *American Trust Co.*, 130 Cal.App.2d 296 [279 P.2d 138]. In that case a tenant sued his landlord for failing to repair a building after notice of the defect, knowing of the danger of injury to the tenant. The plaintiff, in a separate count, charged that defendant was aware of the defects and knew that they could cause damage, and claimed that this constituted a cause of action for an intentional tort and entitled him to punitive damages. The court disposed of this contention with the following language (p. 298):

" 'In wilfully failing to repair' said defective condition of the premises with reference to the roof and roof drains 'after having received due notice of the dangerous condition thereof,' and 'having knowledge of the fact that said defective conditions could cause damage and injury to the property and persons of the tenants,' defendants were 'guilty of wilful misconduct in their wilful and wanton neglect for the safety and health of the plaintiffs,' and were also 'guilty of a conscious disregard to the persons, rights and property of the plaintiffs by continually failing and refusing to repair the defective conditions as aforesaid,' and Irene demands punitive damages in the sum of $1,500.

"Plaintiffs in their opening brief interpret these allegations as stating that 'the landlord wilfully, consciously, intentionally and deliberately failed to keep the roof and drain wells in working condition, and failed and affirmatively refused to repair the same after notice of the defects' with 'a conscious, wilful and deliberate intention to injure and harm appellants'; tantamount to oppression and malice in fact, justifying punitive in addition to actual damages.

"We do not so read the second count. The gist of the first part of the count (that which deals with actual damages) is that defendant, aware of the defective condition of the roof and drains and knowing they could cause damage, refused to repair them. Those facts do not spell an intentional tort (a conscious, deliberate intent to injure the plaintiffs) or conduct so recklessly disregardful of the rights of others (sometimes characterized as wanton or wilful misconduct) as would show the 'malice' *in fact* which the statute (Civ. Code, § 3294) re-

quires as a predicate for punitive in addition to actual damages.''

For the very same reasons the complaint here involved does not state a cause of action for punitive damages.

The cases outside of California are in conflict as to whether intoxication may constitute a basis for an award of punitive damages. In *Giddings* v. *Zellan,* 160 F.2d 585, the United States Court of Appeals for the District of Columbia, held that under Maryland law, there involved, drunkenness was not a predicate for the allowance of punitive damages. It held that to justify such an award there must be an element of fraud, or malice or evil intent or oppression, and that injuring another while drunk did not involve any of these.

There are cases, six in fact, that have held that intoxication of an automobile driver will support a cause of action for punitive damages. (*Sebastian* v. *Wood,* 246 Iowa 94 [66 N.W. 2d 841] ; *Southland Broadcasting Co.* v. *Tracy,* 210 Miss. 572 [50 So.2d 572] ; *Bush* v. *Watkins,* 224 Miss. 238 [80 So.2d 19] —not involving intoxication but involving wanton and reckless conduct; *Miller* v. *Blanton,* 213 Ark. 246 [210 S.W.2d 293] ; *Ross* v. *Clark,* 35 Ariz. 60 [274 P. 639] ; *Falls* v. *Mortensen,* 207 Ore. 130 [295 P.2d 182] ; see also annotation 3 A.L.R. 2d 212.)

These cases were apparently decided under common law principles. At any rate, they did not involve a statutory limitation on the right to recover punitive damages such as is to be found in section 3294 of the Civil Code. As already pointed out, that section requires malice in fact to be pleaded and proved before recovery for punitive damages may be allowed. In several of the above cases it was held that malice, under the law of the states there involved, was not an integral part of such a cause of action. In several of the others, gross negligence was held to be a sufficient basis for such a requirement. Reckless conduct in several of the cases was held all that is required. As already pointed out, that is not the law of California.

It is ordered that the judgment of November 28, 1956, be and it is hereby amended by adding thereto a paragraph dismissing the third cause of action. In the interests of justice, and exercising the discretion conferred by rule 2(c) of the Rules on Appeal, the notice of appeal of August 20, 1956, is declared to be a notice of appeal from that portion of the judgment as so amended that dismissed the third cause of action. The motion to dismiss the appeal is denied.

The portion of the amended judgment dismissing the third cause of action is affirmed. Respondent to recover costs on appeal.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 18, 1958, and appellants' petition for a hearing by the Supreme Court was denied May 14, 1958.