[Civ. No. 9906.   Third Dist.   June 2, 1960.]

DALE K. JOHNSON, Appellant, v. MASTER FAN CORPORATION (a Corporation), Respondent.

Ralph E. Kingston for Appellant.

Wolver & Wolver, Eugene L. Wolver and Henry E. Kappler for Respondent.

WARNE, J. pro tem.*—Plaintiff brought suit for personal injuries. Defendant Master Fan Corporation interposed a general demurrer to the first cause of action in the first amended complaint, and both general and special demurrers to the second cause of action. The trial court overruled the demurrer to the first cause of action but sustained the general demurrer to the second cause of action without leave to amend. The court then ordered ''summary judgment'' on the second cause of action alone. The plaintiff appeals from this judgment.

The allegations of the first cause of action may be summarized as follows: Plaintiff is employed by the Pacific Clay Products Company as an electrician-maintenance worker. The defendants agreed to, and did, design, construct and deliver to plaintiff's employer certain equipment to be used in drying the employer's clay products. Among this equipment were an electric motor and fan, including shafts and bearings, which the plaintiff installed on his employer's premises on December 30, 1958. After the motor had been connected to the electrical power, plaintiff turned it on to see if the machinery was working properly. He then reached under the frame of the machinery which contained the motor, shafts and bearings and placed his right hand on a certain bearing while the shaft contained within the bearing was revolving to feel whether the bearing was developing greater than normal temperature. This is the normal manner in the trade for testing such facts. However, unknown to plaintiff, the defendants in designing and constructing the machinery had placed a part of the machinery known as a ''heat slinger'' immediately next to this bearing. The heat slinger consisted of a metal disc with protruding metal flanges. These flanges were next to the bearing and were not separated from it by any guard or protective device. When he placed his hand on the bearing the flanges of the heat slinger caught and amputated four of plaintiff's fingers. In his first cause of action plaintiff alleges that the defendants were negligent in the following manner:

''a. In designing and manufacturing the machinery, and

---

*Assigned by Chairman of Judicial Council.

particularly the shaft, bearing and 'heat slinger' in such a way that a person, such as the plaintiff, in the normal course of his work, would be exposed to an unreasonable risk of danger, so that the said machinery was dangerous to life and limb;

"b. Failing to warn the user of the machinery of the danger of inspecting the bearing in the normal way in which workers in plaintiff's trade normally inspect such a bearing;

"c. Failing to guard the moving part of the machinery, namely, the heat slinger, so that a worker, such as plaintiff, could not inadvertently place his hand in contact with the flanges of the said heat slinger;

"d. Failing to anticipate that the machinery would be operated by persons in plaintiff's position and inspected during such operation as plaintiff did inspect, or attempt to inspect, the bearing in question as alleged above and to anticipate that the exposed heat slinger would be imminently dangerous to those using the machinery for the purposes for which it was designed and manufactured."

Plaintiff then alleges that the negligence of the defendants was the proximate cause of his injuries.

Plaintiff's second cause of action incorporates most of the allegations of his first cause of action relating to negligence by reference and then alleges the existence of certain General Industry Safety Orders contained in title 8 of the Administrative Code, particularly sections 3500 through 3600 of that code, which provide, among other things, for the protection of workers in industry by guarding the moving parts of machinery, and further alleges that contrary to and in violation of these safety orders defendants negligently and carelessly designed and constructed this machinery so as to cause the moving parts thereof to be exposed and unprotected by guards, proximately causing the plaintiff's injury.

The trial court sustained the general demurrer of the defendant Master Fan Corporation to the second cause of action without leave to amend on the ground that the plaintiff was neither an employee nor an invitee of the Master Fan Corporation and hence was not within the class of persons which the safety orders were designed to protect. The court then entered "judgment" as to the second cause of action, and plaintiff took this appeal, contending that he is entitled to the benefit and protection of the General Industry Safety Orders. Plaintiff's first cause of action is still pending in the trial court.

We decline to discuss the merits of the appeal at this time for the following reasons:

It is evident that the plaintiff's two causes of action both seek the same desired object by reason of the defendants' alleged negligence in failing to guard the moving parts of the machinery so that workmen would be protected against injury. Such being the case, it appears (although not mentioned by counsel) that the trial court should not have given the judgment herein until the final disposition of the entire case.

As stated in *de Vally* v. *Kendall de Vally Operalogue Co., Ltd.*, 220 Cal. 742, 745 [32 P.2d 638]: ". . . The law contemplates but one final judgment in a cause. As stated in the case of *Nolan* v. *Smith*, 137 Cal. 360, 361 [70 P. 166], quoting from *Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 577 [33 P. 633]: 'There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy. (Citing several cases.)' " (See also *Gombos* v. *Ashe*, 158 Cal. App.2d 517, 520-521 [322 P.2d 933]; and *Crofoot* v. *Crofoot*, 132 Cal.App.2d 794 [283 P.2d 283].)

The judgment being premature (and nonappealable), the appeal must be dismissed and it is so ordered.

Van Dyke, P. J., and Schottky, J., concurred.