[Civ. No. 24096. Fourth Dist., Div. One. Dec. 18, 1980.]

RICHARD BUSBOOM, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THOMAS E. KELLER, Real Party in Interest.

COUNSEL

Glen R. Roberts and Andrew F. Lloyd for Petitioner.

No appearance for Respondent.

Higgs, Fletcher & Mack and Dennis P. Hickman for Real Party in Interest.

OPINION

BROWN (Gerald), P. J.— The issue is whether *Taylor* v. *Superior Court* (1979) 24 Cal.3d 890 [157 Cal.Rptr. 693, 598 P.2d 854], permitting recovery of punitive damages in an appropriate drunk driving case, shall apply retroactively to accidents occurring before August 1979. One appellate court has addressed the issue and declined to apply *Taylor* retroactively (*Mau* v. *Superior Court* (1980) 101 Cal.App.3d 875 [161 Cal.Rptr. 895]). Feeling bound by that decision, the superior court here granted partial summary judgment to defendant/real party Thomas Keller, eliminating from petitioner Busboom's complaint the allegations and damages claim concerning punitives.

Petitioner Richard Busboom and his brother Dean were riding motorcycles when Dean was run down by Keller, driving a car in the wrong lane while drunk. Richard was seriously injured when he fell from his motorcycle while trying to avoid Keller's car. He also witnessed Dean's death. He brought this lawsuit along with the parents of both boys, who however have since settled. Although the original complaint, filed October 24, 1978 (based on an accident of Aug. 31, 1978) alleged in general terms Keller's willful, reckless and wanton misconduct, those allegations were not sufficient to recover punitive damages. (See *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22 [122 Cal.Rptr. 218],

requiring specific allegation of conscious disregard of safety.) However, after *Taylor* came down in August 1979, Richard sought leave to amend his complaint with appropriate allegations, and the superior court granted such leave on March 6, 1980, soon after *Mau, supra*, 101 Cal.App.3d 875, was decided. The amendment is sufficient under both *Taylor, supra*, 24 Cal.3d 890, and *G. D. Searle, supra*, in that Richard specifically alleges Keller voluntarily consumed alcohol, knowing he would then operate a motor vehicle, and drove while drunk, knowing the safety hazard he created and aware of the probable dangerous consequences of his conduct, which he willfully and deliberately failed to avoid. It is alleged that conduct shows conscious and deliberate disregard for the safety and interest of others.

The *Mau* decision gives two reasons for nonretroactivity: first, the rationale for punitives is deterrence, but retrospective deterrence makes no sense; and second, insurance companies have relied on the earlier law in figuring rates, and it would be unfair to penalize them by retroactive application of *Taylor*. Neither reason is particularly realistic. It is unlikely drunk drivers are deterred by the threat of punitives over and above already existing risks of drunk driving (e.g., loss of license, jail sentence, death or injury, cancellation of insurance, loss of status in some communities). As for insurance companies, they fix their rates with reference to many factors and their policies do not cover punitive damages.

■ Overruling decisions, especially in the tort field, are normally applied retroactively unless there has been great public reliance on the earlier rule, the new rule was nowhere foreshadowed, and it would be unfair to apply the rule retrospectively. (E.g., *County of Los Angeles* v. *Faus* (1957) 48 Cal.2d 672, 680 [312 P.2d 680]; *Forster Shipbldg. Co.* v. *County of L. A.* (1960) 54 Cal.2d 450, 459 [6 Cal.Rptr. 24, 353 P.2d 736]; *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 193 [98 Cal.Rptr. 837, 491 P.2d 421]; *In re Marriage of Brown* (1976) 15 Cal.3d 838, 850 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164].)

The seminal decision precluding recovery of punitives in a drunk driving case is *Gombos* v. *Ashe* (1958) 158 Cal.App.2d 517 [322 P.2d 933], decided in 1958. At that time the standards for recovery of punitives were unclear, especially in the area of unintentional torts. As pointed out in *Taylor*, since that time, tort law has been evolving toward a prin-

ciple of recovery based on a finding of conscious disregard of safety. (*Taylor* v. *Superior Court, supra*, 24 Cal.3d 890, 896.) That trend crystallized in *G. D. Searle, supra*, 49 Cal.App.3d 22, decided in 1975, articulating the standard in the context of liability for defective drugs. Other cases associating liability with some form of reckless disregard for safety include, most importantly, *Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452, 464 [113 Cal.Rptr. 711, 521 P.2d 1103] (punitives for insurance company's breach of good faith covenant premised on showing of conscious disregard of plaintiff's rights). (See also *Neal* v. *Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 922 [148 Cal.Rptr. 389, 582 P.2d 980].) Not only did this development foreshadow *Taylor*, but it also resulted in a majority of other courts in this country permitting punitives in a proper drunk driving case (Annot. (1975) 65 A.L.R.3d 656, 661-666), and caused Dean Prosser in 1971 to express his view that malice might encompass conscious or deliberate disregard of others' interests. (Prosser, Law of Torts (4th ed. 1971) § 2, pp. 9-10.) The decision in *Taylor* was hardly unexpected, and was in fact not foreseeable only by those who chose not to look.

Commercial reliance has not been a traditional basis for prospective application. (See, e.g., *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943, 953-954 [148 Cal.Rptr. 379, 582 P.2d 970] (due on sale clauses).) Tort cases, although inevitably affecting insurance rates to the same extent as here, are normally applied retroactively. (E.g., *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]; *Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1916], applied retroactively in *Archibald* v. *Braverman* (1969) 275 Cal.App.2d 253 [79 Cal.Rptr. 723]; *Brown* v. *Merlo* (1973) 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212, 66 A.L.R.3d 505], applied retroactively in *Cummings* v. *Morez* (1974) 42 Cal.App.3d 66 [116 Cal.Rptr. 586]; *Rodriguez* v. *Bethlehem Steel Corp.* (1974) 12 Cal.3d 382, 408 [115 Cal.Rptr. 765, 525 P.2d 669].)

Retrospective application in cases like these is not an enormous burden. It affects only cases pending, or still within the statute of limitations for such claims, when *Taylor* was decided. That number is not large, since the short tort statute of limitations (one year) will limit the retrospective effect to accidents occurring after August 1978, as well as all cases already filed and pending when *Taylor* came down. This limited effect is not an unconscionable burden on insurance companies.

A recent case, *Dawes* v. *Superior Court* (1980) 111 Cal.App.3d 82 [168 Cal.Rptr. 319], holds when conscious disregard of safety is alleged in a drunken driving case, punitive damages could be recovered even before *Taylor*, based on *G. D. Searle, supra*, 49 Cal.App.3d 22, and *Gombos* v. *Ashe, supra*, 158 Cal.App.2d 517. According to the court in *Dawes, Taylor* merely overruled that aspect of *Gombos* v. *Ashe* which held driving a vehicle while intoxicated is not itself a basis of a finding of conscious disregard of safety. *Dawes* permits recovery of punitives where facts showing specific conscious disregard of safety were alleged, not on the basis of any retroactive application of *Taylor*, but simply because such facts were distinguishable from *Gombos* v. *Ashe* where only conclusionary pleading of malice was found. Although *Dawes* agreed no case before *Taylor* actually permitted recovery of punitives in a drunk driving case, it pointed out there has never been a formal rule precluding such recovery in all such cases, or otherwise distinguishing them from other tort actions. Rather, the question is simply the question of the sufficiency of the specific allegations to show malice, or, as expressed in *G. D. Searle, supra*, 49 Cal.App.3d 22, conscious disregard of the safety of others.

Here, the original complaint stated Keller was intoxicated as the result of his "willful acts"; he drove his pickup truck southbound in the northbound lane of the highway in reckless disregard for the safety of northbound traffic, injuring plaintiffs. The later amendment further pleaded Keller drove when intoxicated with knowledge of the safety hazard he created and was aware of the probable dangerous consequences of his conduct, which he willfully and deliberately failed to avoid. It further states Keller's conduct shows he acted with a conscious and deliberate disregard for the safety and interest of others such as to constitute malice.

It is not clear this pleading would have sufficed under the approach taken in *Gombos* v. *Ashe, supra*, 158 Cal.App.2d 517, but it is certainly sufficient under *G. D. Searle & Co., supra*, 49 Cal.App.3d 22, read in conjunction with *Taylor*. Although such a pleading might have been deemed insufficient before *Taylor*, we find it neither unfair nor unreasonable to permit it now, particularly because, as pointed out in *Dawes*, it is not clear *Taylor* has really changed the law as it applies to this pleading.

We conclude it was error to grant partial summary judgment striking petitioner's claim for punitive damages. Let a writ of mandate issue, di-

recting the superior court to vacate its grant of partial summary judgment on August 21, 1980, and to make a new and different order denying such summary judgment.

Cologne, J., and Work, J., concurred.