[Civ. No. 58333. Second Dist., Div. One. Feb. 2, 1981.]

FORD MOTOR COMPANY, Plaintiff and Appellant, v.
HOME INSURANCE COMPANY et al.,
Defendants and Respondents.

Counsel

McCutchen, Black, Verleger & Shea, Howard J. Privett, David S. MacCuish and Nancy A. Newhouse for Plaintiff and Appellant.

La Follette, Johnson, Schroeter & DeHaas, Daren T. Johnson, Alfred W. Gerisch, Jr., Dennis K. Ames, Mendes & Mount, Morris, Polich & Purdy, Landon Morris, John K. Morris, Robert S. Wolfe, Lawler, Felix & Hall, Erwin E. Adler, William S. Davis, Crosby, Heafey, Roach & May, Edwin A. Heafey, Jr., Peter W. Davis, James C. Martin, Alan D. Hamilton, Hillsinger Costanzo, John J. Costanzo, Brian F. Zimmerman, Vletas & Greer, Robert Greer, Hall, Henry, Oliver & McReavy, Stephen McReavy, Lewis, D'Amato, Brisbois & Bisgaard, Robert F. Lewis, R. Gaylord Smith, Overton, Lyman & Prince, Carl J. Schuck, Kelley K. Beck, Kadison, Pfaelzer, Woodard, Quinn & Rossi, John Michael McCormick, Ellen B. Friedman, Laurence J. Hutt, Herzfeld & Rubin, Michael A. Zuk, Grossman & Shames and Harvey M. Grossman for Defendants and Respondents.

Opinion

**SPENCER, P. J.—**

## Introduction

Plaintiff Ford Motor Company appeals from various judgments dismissing its request for a declaration that plaintiff is entitled to indemnity from defendants insurers (respondents herein) for punitive damages assessed against plaintiff as defendant in actions arising from defects in Ford automobiles or other automotive products. The trial court granted judgments in favor of the various insurers on the basis that insurance coverage of punitive damages is against public policy and is barred as a matter of law under the authority of *City Products Corp. v. Globe Indemnity Co.* (1979) 88 Cal.App.3d 31 [151 Cal.Rptr. 494], petition for hearing denied, February 28, 1979.

## Facts

Appellant filed a complaint for declaratory relief in June 1978. The complaint sets forth the factual background and basis for the declara-

tory relief action. Appellant has excess liability policies with each of the respondents. The policies explicitly cover all sums which appellant becomes legally obligated to pay as damages for products liability. None of the policies specifically excludes coverage for punitive or exemplary damages.

The complaint further states that in recent legal actions against appellant, both compensatory and punitive damages have been sought for personal injuries and property damage resulting from defects or faulty design of appellant's automobiles or automotive products. One of the actions, Grimshaw, a Minor, etc. v. Ford Motor Co. (Super. Ct. Orange Co., No. 197761), had been fully litigated at the time the complaint was filed. The jury in Grimshaw awarded punitive damages on the basis of its finding that appellant had performed an intentional act in conscious disregard of its possible results. Appellant contended in Grimshaw that punitive damages could not be awarded because there was no evidence of willful intent to inflict injury.

Respondents whose excess liability policies covered the occurrence in Grimshaw refused to idemnify appellant for the punitive damages award. They further informed appellant that they would not pay any damages awarded as a result of a deliberate act and that they reserved their rights to decline to indemnify appellant for any judgment awarding punitive or exemplary damages.

As a result of respondents' refusal to indemnify in Grimshaw and in view of the possibility of punitive damage awards in pending and future products liability actions, appellant requested a declaration that respondents are obligated to pay all punitive or exemplary damages assessed against appellant in a products liability action excepting, on public policy grounds, any injury resulting from deliberate intent to inflict such injury.

Respondents, defendants below, demurred to the complaint for failure to state a cause of action on the ground that public policy precludes insurance coverage for punitive and exemplary damages. Some defendants also made motions in opposition to the complaint. In December 1978, the trial judge overruled all demurrers and denied all motions. The order of the court does not state a reason for the ruling. At the hearing on the demurrers, the judge indicated that, absent appellate

authority, he was unwilling to rule that punitive damages were uninsurable as a matter of public policy because a trial court does not lightly make decisions based on public policy. Further, in his opinion, the complaint presented a difficult question which deserved a full hearing.

Shortly after the trial court made its ruling, Division Three of this court issued an opinion which had application in the appellant's action: *City Products Corp.* v. *Globe Indemnity Co., supra,* 88 Cal.App.3d 31. Refusing to allow insurance coverage for punitive damages awarded for the tort of malicious prosecution, *City Products* held that indemnity against liability for punitive damages is against public policy.

On January 10, 1979, citing the *City Products* opinion as direct support for their position, respondents filed petitions for a writ of mandate in this court, seeking to compel a reversal of the trial court's rulings. The petitions were denied.

Respondents then renewed motions for judgment on the pleadings in the trial court. The motions were based primarily on the *City Products* holding and stated that as a matter of law, appellant is not entitled to indemnity for punitive damages. Some respondents not previously in the action demurred on the same ground.

A hearing on the motions was held on February 9, 1979. At its conclusion, the superior court judge stated that he was bound by the *City Products* decision. Accordingly, he granted judgment on the pleadings without leave to amend for respondents seeking that remedy, and sustained demurrers without leave to amend for the remaining respondents.

Judgments consistent with those entered in February were also entered as to respondents presenting similar motions and demurrers at later dates. The action was dismissed with prejudice on the ground that appellant is not entitled to the declaration sought in the complaint as a matter of law.

### CONTENTIONS

Appellant states that the issue on appeal is whether the trial court erred in its determination that as a matter of law, all punitive damage awards are uninsurable.

Appellant contends that broad application of the *City Products* declaration that an award for punitive damages is uninsurable on public policy grounds conflicts with the long-standing public policy stated in Insurance Code section 250,[1] that all liabilities are insurable except, as stated in Insurance Code section 533,[2] losses caused by intentional acts. For that reason, appellant asserts that punitive damages assessed for unintentional acts in a products liability action are not precluded from insurance coverage.

For the reasons set forth below, we disagree with appellant's contention and affirm the judgments.

## Discussion

■ Under the principle enunciated in *City Products Corp. v. Globe Indemnity Co., supra*, 88 Cal.App.3d 31, punitive damages are uninsurable as a matter of public policy. At issue in *City Products* was the indemnification of a punitive damage award for an intentional tort, malicious prosecution. Appellant contends that public policy does not bar indemnification in products liability actions because liability can result from nonintentional conduct and punitive damages can be awarded for conscious disregard of the safety of others, rather than intent to harm.

Appellant's interpretation of the *City Products* rule, as applicable only to those torts that traditionally have been designated as intentional, is unduly narrow and restrictive. The language of *City Products* focuses on the insurability of punitive damages generally: "[T]he policy of this state with respect to punitive damages would be frustrated by permitting the party against whom they are awarded to pass on the liability to an insurance carrier." (*City Products Corp. v. Globe Indemnity Co., supra*, 88 Cal.App.3d 31, 42.)

---

[1] Insurance Code section 250: "Except as provided in this article, any contingent or unknown event, whether past or future, which may damnify a person having an insurable interest, or create a liability against him, may be insured against, subject to the provisions of this code." (Stats. 1935, ch. 145, § 250, p. 503.)

[2] Insurance Code section 533: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others." (Stats. 1935, ch. 145, § 533, p. 510.)

In formulating its policy statement in *City Products*, this court reviewed the law of insurability of punitive damages in other jurisdictions. It did not restrict its review to assessment of punitive damages for intentional conduct, but rather considered all grounds for awarding punitive damages in the various jurisdictions. Generally, in jurisdictions where punitive damages are limited to cases involving fraud, oppression or malice, insurance coverage has been invalidated on public policy grounds.

■ The rationale underlying the assessment of punitive damages in California, viewed in perspective with the law of other jurisdictions, formed the basis for the *City Products* decision. In California, conduct is sufficiently culpable to warrant assessment of punitive damages *only* if it involves fraud, oppression or malice. (See *Gombos v. Ashe* (1958) 158 Cal.App.2d 517, 527-530 [322 P.2d 933]; Civ. Code, § 3294.)[3] Mere unintentional carelessness, characterized as negligence or recklessness, is not sufficient. (See *Nolin v. National Convenience Stores, Inc.* (1979) 95 Cal.App.3d 279, 285-286 [157 Cal.Rptr. 32]; *City Products Corp. v. Globe Indemnity Co., supra*, 88 Cal.App.3d 31, 41; *G. D. Searle & Co. v. Superior Court* (1975) 49 Cal.App.3d 22, 32 [122 Cal.Rptr. 218].) The purpose of punitive damages is to punish and deter sufficiently culpable conduct. (Civ. Code, § 3294; *Neal v. Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 928, fn. 13 [148 Cal.Rptr. 389, 582 P.2d 980].) To accomplish this purpose, the award must be assessed against the party actually responsible for the wrong. In addition, the amount of the award must be related to the wealth of the responsible party. (*Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 65 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 879]; *Zhadan v. Downtown L. A. Motors* (1976) 66 Cal.App.3d 481, 500 [136 Cal.Rptr. 132].) The wealthier the responsible party, the larger the punitive award must be. (*Bertero v. National General Corp., supra*, 13 Cal.3d 43, 65.) ■ If punitive damages were insurable there would be no need to consider the wealth of the defendant in order to attain the desired deterrent effect. Allowing the responsible party to shift the burden to an insurance company would frustrate the purpose of punitive damages. (*Northwestern National Casualty Company v. McNulty* (5th

---

[3]Civil Code section 3294 provides: "In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

Cir. 1962) 307 F.2d 432, 440-441.) For these reasons, *City Products* held that insurance coverage for punitive damages is barred as against public policy in California.

Appellant asserts that indemnity for punitive damages should be denied only if liability arises from intentional acts. The prohibition in *City Products* does not rest on the nature of the conduct, however, but on the basis for assessment of punitive damages: fraud, oppression or malice.[4]

■ In California, malice is the basis for assessing punitive damages for nonintentional conduct; that is, acts performed without intent to harm. (*Nolin v. National Convenience Stores, Inc.* (1979) 95 Cal.App. 3d 279, 284-287 [157 Cal.Rptr. 32]; *G. D. Searle & Co. v. Superior Court, supra,* 49 Cal.App.3d 22, 30-32.) Nonintentional conduct comes within the definition of malicious acts punishable by the assessment of punitive damages when a party intentionally performs an act from which he knows, or should know, it is highly probable that harm will result. (*Nolin v. National Convenience Stores, Inc., supra,* 95 Cal.App. 3d 279, 286, quoting and explaining *Donnelly v. Southern Pacific Co.* (1941) 18 Cal.2d 863, 870 [118 P.2d 465].)

■ The culpable quality of the conduct necessary to justify punitive damages in products liability actions is no less than that required for assessment of punitive damages in any setting in California. (See *G. D. Searle & Co. v. Superior Court, supra,* 49 Cal.App.3d 22, 28-32.) Whether in a products liability matter or in another setting, if a company intentionally proceeds with conduct which will expose a person to a serious potential danger known to the company in order to advance the company's own pecuniary interest, punitive damages may be as-

---

[4]Appellant's arguments regarding the type of conduct for which punitive damages may be assessed, such as the discussion of *Dawes v. Superior Court* (1980) 111 Cal. App.3d 82 [168 Cal.Rptr. 319], do not address the sole issue raised on appeal: whether an insurer is obligated to indemnify an insured for punitive damages, absent a finding of intentional harm. Appellant's contentions in the instant appeal assume that punitive damages have been properly assessed and question only their insurability.

In *Dawes,* however, the issue is determination of circumstances under which punitive damages may properly be assessed. *Dawes* sets forth the principle that if a complaint alleges facts constituting malice, such as conscious disregard for safety and probable injury to others, that is sufficient to support a cause of action for which punitive damages may be recovered, regardless of whether the conduct in question is drunken driving or some other activity.

sessed based on a finding that the company has shown a conscious disregard for the person's safety. (See, e.g., *Nolin* v. *National Convenience Stores, Inc., supra,* 95 Cal.App.3d 279, 288; *O'Hara* v. *Western Seven Trees Corp.* (1977) 75 Cal.App.3d 798, 806 [142 Cal.Rptr. 487].) Therefore, although conduct resulting in injury may be characterized as nondeliberate, when done in conscious disregard of safety, it is sufficiently blameworthy to warrant an assessment. of punitive damages.[5]

Specifically, a California court has held that conscious disregard of safety constitutes malice in a products liability action, thus justifying an award of punitive damages. (*G.' D. Searle & Co.* v. *Superior Court, supra,* 49 Cal.App.3d 22, 32.) Malice is but one of the three bases for assessing punitive damages which were recognized in *City Products.* It is clear from the foregoing that insuring against punitive damage liability in actions based on products liability is as much against public policy as insuring against punitive damage assessments in cases of malicious prosecution.

Appellant contends that since all punitive damages are not assessed on the basis of harm caused by willful conduct, then all punitive damages are not uninsurable because the public policy expressed in Insurance Code section 250, that all losses are insurable, is limited only by Insurance Code section 533, prohibiting insurability of losses caused by the willful act of the insured.

*City Products* addresses the question of whether punitive damages are uninsurable as a matter of public policy as a separate and distinct issue from whether conduct is uninsurable under Insurance Code section 533. In fact, the opinion indicates that, without respect to the limitations of section 533, punitive damages are uninsurable. (*City Products Corp.* v. *Globe Indemnity Co., supra,* 88 Cal.App.3d 31, 39.)

The *City Products* rule prohibits insurance coverage of punitive damages, regardless of the context of the award. It is thus broader than the

---

[5]This principle has been well established by the courts of this state. (See, e.g., *Schroeder* v. *Auto Driveaway Co.* (1974) 11 Cal.3d 908, 922 [114 Cal.Rptr. 622, 523 P.2d 662]; *G. D. Searle & Co.* v. *Superior Court, supra,* 49 Cal.App.3d 22, 32; *Dawes* v. *Superior Court, supra,* 111 Cal.App.3d 82, 88.) The Legislature recently codified the standard as part of an amendment to Civil Code section 3294 (Cal. Stats. 1980, ch. 1242), to become effective in January 1981.

proscription in Insurance Code section 533. ■ Section 533 relieves the insurer of the obligation to indemnify not only punitive damages, but also compensatory damages in the face of an intentional infliction of harm. This is in keeping with the long-standing public policy against indemnifying such an intentional wrongdoer.[6]

■ Because the punitive damages award in *City Products* was based on a finding of intentional conduct, this court found that section 533 was applicable. Since the plaintiff insured had been found liable for the intentional tort of malicious prosecution, the court held that even if the insurance policy expressly provided coverage for that tort, the insurer could not, under the policy expressed in section 533, indemnify the insured. The court made it clear that this prohibition against insurability applied to both compensatory and punitive damages by distinguishing exceptions when the insurer may indemnify an insured held vicariously liable for compensatory damages resulting from the willful conduct of another. (*City Products Corp.* v. *Globe Indemnity Co., supra*, 88 Cal.App.3d 31, 37-38.)

The question presented by appellant in the instant case is indemnity for punitive damages in product liability actions, not in intentional tort matters. The respondents apparently never refused to indemnify appellant for compensatory damages as provided in the insurance policies. The question of whether the appellant's conduct was willful so as to totally preclude indemnity under the statutory provision in section 533 is not at issue in this appeal.

For the reasons set forth above, we conclude that the trial court correctly applied the *City Products* prohibition against indemnity for punitive damages to the specific question of indemnity in product liability actions. In view of the public policy against insurance coverage for punitive damages, appellant could not obtain the declaration it sought.

---

[6]In his dissent in *Taylor* v. *Superior Court* (1979) 24 Cal.3d 890, 905 [157 Cal.Rptr. 693, 598 P.2d 854], Justice Clark points out this consequence of finding that a loss is caused by willful conduct which renders it uninsurable under section 533. He opposed the majority opinion that punitive damages based on malice could be awarded in a drunk driving matter because he felt that if malice was found, then section 533 could be invoked. The victim might effectively be denied any recovery as a result. The insurance company would be relieved of its obligation to pay compensatory damages, and the defendant driver might not have sufficient personal resources to cover the award.

Hence the trial court properly granted judgments dismissing appellant's complaint.

The judgments are affirmed.

Hanson (Thaxton), J., and Aubry, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 1, 1981.

---

*Assigned by the Chairperson of the Judicial Council.