Filed 2/23/15  Muniz v. Davis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JOSE MUNIZ, | |
| Petitioner, | E062691 |
| v. | (Super.Ct.Nos. PSC1301418 & PSC1401209) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| SANDY S. DAVIS, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John G. Evans, Judge. Petition granted.

The Law Offices of Larry H. Parker, Inc., and Mitchell P. Beck, for Petitioner.

No appearance for Respondent.

Higgins Harris Sherman & Rohr, John J. Higgins and Randy Hy, for Real Party in Interest.

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

First, we reject defendant's argument that writ review is unnecessary and that plaintiff should be relegated to his remedy on appeal. Where a pleading order removes a substantial portion of the plaintiff's case, we have discretion to review it by extraordinary writ. (*Campbell v. Superior Court* (1996) 44 Cal.App.4th 1308, 1314-1315.)

Punitive damages may be recovered in a personal injury action if the plaintiff pleads and proves that the defendant acted with the state of mind described as "conscious disregard" of the potential dangers to others. (Civ. Code, § 3294, subd. (c)(2); *Pfeifer v. John Crane, Inc.* (2013) 220 Cal.App.4th 1270, 1299.) Although defendant may be correct in arguing that an unadorned allegation that a defendant so acted would be insufficient, here plaintiff alleges that defendant consumed intoxicants to the point of legal impairment, knowing that she would subsequently operate a vehicle on public highways. This allegation, if proven, meets the standards for the recovery of punitive damages as set out above and in *Taylor v. Superior Court* (1979) 24 Cal.3d 890. The pleading of ultimate fact is sufficient; additional evidentiary allegations such as those

2

noted by defendant in *Dawes v. Superior Court* (1980) 111 Cal.App.3d 82 are not essential.

Accordingly, the trial court erred in granting the motion to strike the claim for punitive damages.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order granting the motion to strike, and to enter a new order denying said motion.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

Petitioner to recover his costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


RICHLI
J.

3