Filed 2/24/25  Castro v. Spurgeon Painting CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FOUR

| | |
|---|---|
| MAYA CASTRO,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>SPURGEON PAINTING, INC., et al.,<br><br>    Defendants and Respondents. | A170158<br><br>(Sonoma County<br>Super. Ct. No. SCV269513) |

### MEMORANDUM OPINION[1]

In this employment case, appellant Maya Castro, proceeding pro se on appeal, seeks review of an order sustaining a demurrer as to two causes of action in a multicount complaint in circumstances where other causes of action remain pending and there has been no order of dismissal.  We dismiss the appeal for lack of an appealable order.

---

[1] This matter is proper for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, Standard 8.1.  (See Ct. App., First Dist., Local Rules of Ct., rule 19, Abbreviated Opinions; *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

# I. BACKGROUND

Appellant brought an initial suit against Spurgeon Painting Inc. (Spurgeon) and its owner and operator, Thomas Meacham, and then added certain defendants in a Second Amended Complaint, including Tija Buckalew, Spurgeon's human resources manager.

Generally, appellant alleges that Spurgeon once employed her; that during her employment, she suffered discrimination, retaliation, and other forms of workplace mistreatment; that she was ultimately terminated; and that all of these adverse actions were taken against her because she suffers from a medical disability.

In the operative Third Amended Complaint, appellant pleads eight causes of action. The seventh cause of action in the Third Amended Complaint is for abuse of process and the eighth cause of action is for intentional infliction of emotional distress.

Spurgeon, Meacham and Buckalew demurred to the Third Amended Complaint, attacking all eight causes of action. The trial court overruled the demurrer in part and sustained the demurrer in part, leaving a number of causes of action pending.

With respect to the seventh and eighth causes of action, the court sustained the demurrer without leave to amend. Although there has been no final judgment or order of dismissal as to the action as a whole or as to any claims or parties, appellant filed a notice of appeal. In her notice of appeal, appellant checks a box claiming that she seeks review of a "Judgment of dismissal after an order sustaining a demurrer."

Despite her claim that she appeals from a "Judgment," appellant's notice of appeal attaches as a copy of the "judgment, decree or order" she appeals from only trial court's March 21, 2024 order on respondents'

2

demurrer.  And in her opening brief, appellant makes clear that "the purpose of this appeal" is to challenge the court's order sustaining the demurrer as to her abuse of process and intentional infliction of emotional stress claims, which she characterizes as a "dismissal."

## II. DISCUSSION

As a threshold matter, the respondents suggest that this appeal "may be" premature because appellant seeks review of an order sustaining a demurrer, and no dismissal of Buckalew or Meacham has been entered. Their suggestion is correct.

"The general rule is that an order sustaining a demurrer without leave to amend is not appealable, but a party may appeal from the entry of dismissal after such order." (*Bullock v. City of Antioch* (2022) 78 Cal.App.5th 407, 411, fn.1; see *Tellefsen v. Key System Transit Lines* (1960) 187 Cal.App.2d 44, 44; Code Civ. Proc. § 904.1.)  "[I]n the interest of judicial economy, we may," in some circumstances, "construe [an]…order sustaining [a]…demurrer without leave to amend as a final appealable judgment." (*Cardenas v. Horizon Senior Living, Inc.* (2022) 78 Cal.App.5th 1065, 1069.)  This rule of expediency, however, generally applies in cases where the trial court sustains a demurrer on all causes of action in the operative complaint; the appeal is taken from the order sustaining the demurrer rather than the ensuing dismissal of the action; and in that situation—recognizing the reality that a final order exists but appellant took a timely appeal from the wrong order—appellate courts may deem the order on the demurrer to incorporate the dismissal.  (*Bullock*, at p. 411, fn 1.)  That is not the situation here.

In cases like this one, where the trial court enters an order sustaining a demurrer as to some but not all of the causes of action in a

3

pending complaint, we usually follow the general rule. "Since a final judgment in an action contemplates a complete adjudication of the rights of the parties and a final determination of the matter in controversy, it is apparent that the so-called judgment rendered upon the sustaining of a demurrer to one cause of action of a complaint without leave to amend, leaving . . . other causes of action unimpaired presenting matters to be litigated during a trial of the issues of fact, cannot be regarded as a final determination and disposal of the cause." (*Potvin v. Pacific Greyhound Lines* (1933) 130 Cal.App. 510, 512.) Here, too, there are some exceptions. Appellate courts will treat an order sustaining a demurrer in these circumstances as appealable if the plaintiff voluntarily dismisses all remaining causes of action (*Ashland Chemical Co. v. Provence* (1982) 129 Cal.App.3d 790, 793) or separately dismisses a party or parties affected by a ruling on a particular cause of action (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115). But neither of those scenarios is what we have here, either.

While acknowledging that "it is generally true that an order sustaining a demurrer without leave to amend does not constitute a final judgment," appellant claims that "the court's order in this case effectively acted as a final adjudication." "By dismissing the only two individual defendants," she claims, "the trial court removed critical parties from the case and rendered the remaining claims incomplete without the ability to hold these defendants accountable." We do not see things that way. There is no "dismissal" of any kind in the record, and certainly not of any particular party or parties. To the extent appellant suggests that the order sustaining the respondents' demurrer as to her seventh and eighth causes of action, *in substance and effect*, operates as a dismissal of Buckalew and

4

Meacham, she cites no authority for recognizing "functional" dismissals in these circumstances.

And in any event, appellant's characterization of what we actually have here as a functional dismissal of Buckalew and Meacham is not at all clear. The Third Amended Complaint pleads the first five causes of action against "All Employer Defendants" (an undefined term in a case where only one defendant is alleged to have been an employer) and the sixth, seventh and eighth causes of action against "All Defendants."[2] Also, the prayer for relief in the Third Amended Complaint seeks judgment against all "defendants," and the claim-by-claim requests for specific relief on each cause of action do not appear to make a distinction between the "defendants."[3] As pleaded, therefore—whatever appellant's intent may be—the surviving causes of action in the Third Amended Complaint remain pending against all defendants.

With the case in the partially finished procedural posture it is in, we conclude that, since no judgment or final order of dismissal has been entered (Code Civ. Proc. § 904.1), the trial court's order sustaining respondents' demurrer to the seventh and eighth causes of action in appellant's Third Amended Complaint is a non-appealable order.

---

[2] The Second Amended Complaint included as a defendant an insurance company defendant—which clearly was a *non*-employer—but that defendant was dropped in the Third Amended Complaint. One reading of the distinction between "Employer Defendants" and all "Defendants" is as a stylistic carryover from the Second Amended Complaint, which did include an employer defendant and individuals associated with it, on the one hand, and a non-employer insurance company defendant, on the other hand.

[3] The only exception is the sixth cause of action, which seeks relief specifically against an unspecified party called the "Defendant," which clarifies nothing.

5

## III. DISPOSITION

This appeal is dismissed.  Costs on appeal are awarded to the respondents.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.